United States District Court
Southern District of Texas

**ENTERED**

July 16, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICK LUCERO LUEVANO, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-05205 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GRANT DICKEY, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Erick Lucero Luevano filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 30, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his current detention violates constitutional guarantees of due process and equal protection. Id at ¶¶6, 23–65.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending is a motion by the Government for summary judgment. Dkt 5. It states that Petitioner was taken into custody on June 17, 2026, meaning that he has been detained for fewer than ninety days. Id at 2. It thus argues that present detention comports with due process under recent decision by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Id at 2–3, citing 2026 WL 1906557, *16 (5th Cir).

On reply, Petitioner admits that detention hasn't yet exceeded ninety days but nonetheless maintains that his

individual circumstances merit an earlier hearing. Dkt 6 at 4–7.

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026).

On July 2, 2026, the Fifth Circuit then issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez*, 2026 WL 1906557. With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment

2

between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection.

The arguments in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above.

Beyond this, Petitioner hasn't yet been in custody for ninety days. His detention at present thus comports with due process, even as framed by the panel decision in *Sosnava Rodriguez*. See 2026 WL 1906557 at *16.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Erick Lucero Luevano is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on July 16, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge